UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VASHON RENEE McINTYRE; S.B.M.,

                    Plaintiff,

-against-

BRET HUBERT PARDON, et al.,

                    Defendants.

21-CV-6875 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Vashon Renee McIntyre, a resident of Albany, New York, purports to bring this *pro se* action on behalf of herself and her minor child S.B.M.[1] She invokes the Court's jurisdiction and alleges a conspiracy between private and state defendants to violate her and her child's rights, which include the rape and sex trafficking of the child. Plaintiff sues individuals and entities from Lorain and Cuyahoga Counties in Ohio, and Albany County in New York. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of Ohio.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, when a litigant's submission refers to the name of a minor child, it must do so by mentioning only the minor child's initials. Plaintiff provides in her submissions the full name of her minor child. The Clerk of Court has altered the caption of the docket of this action so that child's name is listed using the child's initials. In addition, in an abundance of caution, the Clerk of Court has also limited electronic access to the complaint and other documents to a "case participant-only" basis.

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

There is no connection between the facts alleged, the defendants Plaintiff sues, and this District. Plaintiff brings this action alleging that Bret Hubert Pardon, who is the father of the minor child S.B.M., has conspired with others, including state officials and entities from Ohio and Albany, New York, to violate her rights. She brings this action seeking injunctive relief and money damages, including the termination of Pardon's parental rights and custody of S.B.M. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to her claims arose in this district, venue is not proper in this Court under § 1391(b)(1), (2).[2] Plaintiff's claims arose in Lorain and Cuyahoga Counties, Ohio, and Albany County, New York, which are in the Northern District of Ohio and the United States district Court for the Northern District of New York. *See* 28 U.S.C. §§ 112(a) and 115(a). Accordingly, venue appears to lie in either of those courts or both.

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Under § 1404(a), transfer of this action to the Northern District of Ohio appears to be

---

[2] Plaintiff's assertions that she once rented an apartment in Westchester County and has a legal matter that is being reopened in a New York state court are insufficient to establish that venue is proper in this District.

appropriate. First, the majority of the individuals and entities Plaintiff sues – including the main protagonist, Bret Hubert Pardon – either reside or are located in Ohio. Second, Plaintiff's assertions suggest that the majority of the underlying events occurred in Ohio. Third, it is likely that relevant documents and witnesses are also located in Ohio.

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern district of Ohio. *See* 28 U.S.C. §§ 1404(a) and 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Ohio. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons will not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 23, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                     Chief United States District Judge